# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

LESLIE STONE,

    Plaintiff,    CASE NO.

v.

NATIONAL ENTERPRISE SYSTEMS,

    Defendant.
_____/

## **PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, LESLIE STONE ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL ENTERPRISE SYSTEMS, alleges and affirmatively states as follows:

## **INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NATIONAL ENTERPRISE SERVICES (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Orlando, County of Orange, State of Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Solon, County of Cuyahoga, State of Ohio.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant has been continuously and repeatedly contacting Plaintiff regarding an alleged debt owed.

12. Defendant is attempting to collect a debt larger than that owed by Plaintiff.

13. Defendant failed to mail a written letter describing Plaintiff's rights with respect to the debt in controversy within 5 days after Defendant's initial communication with Plaintiff.

14. Plaintiff has sent a written request to Defendant seeking validation of the alleged debt.

15. As of yet, Defendant has failed to provide Plaintiff with written validation of the alleged debt as requested.

16. Defendant continuously failed to properly identify itself as a debt collector and inform Plaintiff that all information sought would be used for that purpose.

17. Defendant continuously threatened Plaintiff with legal action, including filing a lawsuit and wage garnishment.

18. As of yet, no such lawsuit has been filed against Plaintiff.

19. Defendant has told Plaintiff, "If you don't pay your bills we will take the money by force you piece of crap."

20. Defendant's agent contacted Plaintiff at work claiming to be "Ron Stone", a family member, and falsely claimed he needed to speak with Plaintiff as a result of a family emergency. (See Exhibit A).

21. Defendant has asserted that if Plaintiff did not pay the alleged debt, Defendant would ruin Plaintiff's credit.

22. On or about May 12, 2008 Plaintiff retained KROHN & MOSS, LTD., to be her legal representation in the present matter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

23. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

24. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA § 1692c(a)(3) when Defendant, through its agents and employees, placed collection call to Plaintiff at her place of work after being informed such calls were not allowed.

b). Defendant violated the FDCPA § 1692d(2) when Defendant, through its agents and employees, used language of which the natural result is the abuse or harassment of Plaintiff.

c). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, placed collection calls and caused Plaintiff's phone to ring continuously and repeatedly.

d). Defendant violated the FDCPA § 1692e(2)(A) when Defendant, through its agents and employees, false represented the character and amount of the alleged debt by attempting to collect more than Plaintiff actually owed.

e). Defendant violated the FDCPA § 1692e(4) when Defendant, through its agents and employees, threatened to garnish Plaintiff's wages without possessing a judgment and thus not lawful or intended.

f). Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents and employees, threatened Plaintiff with a lawsuit that was never filed.

g). Defendant violated the FDCPA § 1692e(10) when Defendant, through its agents and employees, falsely represented to be a family member of Plaintiff in order to speak to Plaintiff in an effort to collect upon a debt.

h). Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents and employees, continuously failed to identify itself as a debt collector and inform Plaintiff that information sought would be used for that purpose.

i). Defendants violated FDCPA §1692g(a) when Defendant, through its agents and employees, failed to provide Plaintiff with written notice regarding her rights to dispute or seek validation of the alleged debt within five (5) days of initial contact.

25. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

26. Declaratory judgment that the Defendant's conduct violated the FDCPA.

27. Actual damages.

28. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

29. Costs and reasonable attorney's fees pursuant to the FDCPAt, 15 U.S.C. 1692k.

30. Any other relief that this court deems to be just and proper.

                    RESPECTFULLY SUBMITTED,

BY:/s/ Aaron D. Radbil_____
    Aaron D. Radbil
    Krohn & Moss, Ltd
    120 W Madison St, 10th Floor
    Chicago, IL 60602
    (312) 578-9428 ext. 281
    Attorney for Plaintiff
    FBN: 0047117

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LESLIE STONE, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, LESLIE STONE, having been first duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LESLIE STONE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/21/2008

_____
LESLIE STONE,
Plaintiff

<u>EXHIBIT A</u>

| | |
|---|---|
| **From:** | to the earth |
| **To:** | Davis, Andrew; |
| **CC:** | Leslie Stone; |
| **Subject:** | Leslie Stone -- RE: April 11, 2008 |
| **Date:** | Friday, July 11, 2008 7:52:06 AM |
| **Attachments:** | |

Hello my name is Linda Rickert. I work for Real Estate Industry Solutions, LLC, the business subsidary of the Florida Association of Realtors.

On Friday, April 11, 2008 I was covering the receptionist desk answering telephone calls. I received a call from a gentleman stating that he needed to speak with Leslie Stone. I transfered the caller to Leslie Stone's extension. A few minutes later the same man called in stating that he desperately needed to speak with Leslie. When I explained that he could leave a message, he insisted it was an emergency and he needed to speak directly with Leslie. I then noted I could not leave the desk and I could only transfer the call. He insisted that someone get a hold of her because it was a family emergency. I asked his name and he said his name was "Ron Stone."

At this point Deb Vigil, returned from break; I explained the situation to Deb and she went to Leslie's desk to inform her that she had a family member calling with a reported emergency.

Linda Rickert
407-587-1489 work
407-226-1701 home


The guy's email address is:

adavis@consumerlawcenter.com

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — YES **NO**
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — YES **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/21/2008

_____
Signed Name

Leslie C. Stone
Printed Name