**EXHIBIT B**

# SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into by and among LESLIE STONE ("STONE") and NATIONAL ENTERPRISE SYSTEMS, INC. and its predecessors, successors, assigns, affiliates, subsidiaries, and parent corporations, and their present and former employees, officers, directors, shareholders, consultants, attorneys, representatives, and agents (collectively "NES").  STONE and NES are known together as the "Settling Parties."

## RECITALS

WHEREAS, LESLIE STONE ("STONE") filed a Complaint against NES in the Middle District of Florida, Orlando Division, styled Leslie Stone v. National Enterprise Systems, Inc., Case No. 6:08-CV-01523 (the "Action"), which action has now been fully and finally compromised (the "Claims"), with the exception of statutory attorney's fees for counsel for STONE.

WHEREAS, NES filed an Answer generally and specifically denying each and every allegation made by PLAINTIFF;

WHEREAS, pursuant to the Action, STONE alleges that NES violated certain statutory provisions of the Fair Debt Collection Practices Act while collecting a debt owed to it;

WHEREAS, this Action includes the entire transaction between STONE and NES; and

WHEREAS, STONE and NES now wish to enter into this Agreement in order to fully resolve, compromise, release, and discharge all the Claims, and any other claims which are or might have been the subject of the Action, upon the terms and conditions set forth herein.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual covenants set forth below, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, STONE and NES agree as follows:

1. **Consideration:** STONE and NES agree to the following:

    a. NES will pay STONE a single lump sum payment of One-Thousand Dollars and 00/100 ($1,000) by check; and

    b. Both Parties agree that STONE's attorney's fees and costs shall be decided by noticed motion by the Court. NES shall agree that STONE may apply to the district court for reimbursement of the costs of the action, together with a reasonable attorney's fee as determined by the court. Defendant further agrees not to contest Plaintiff's entitlement to attorneys' fees and costs, but rather will reserve its arguments to the reasonable amount of the same.

2. **Dismissal of Pending Action:** Upon STONE's execution of the Agreement, the timely payment by NES to STONE of the consideration described above, and entry of the Court's Order concerning statutory attorney's fees to counsel for STONE, STONE agrees to dismiss, <u>with prejudice</u>, the Action filed against NES by having its counsel sign and file with the Middle District of Florida, Orlando Division, a Notice of Dismissal, <u>with prejudice</u>. By signing this Agreement, STONE has authorized her counsel Krohn and Moss to execute and file this Dismissal on her behalf. Both parties agree that the Court shall retain jurisdiction over the Action for the purposes of awarding counsel for STONE's statutory attorney fee award.

3. **STONE's Release of NES:** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, STONE does hereby irrevocably and unconditionally release, acquit and forever discharge NES and its predecessors, successors, assigns, affiliates, subsidiaries, and parent corporations, and their present and former employees, officers, directors,

shareholders, clients, consultants, attorneys, representatives and agents from all actions, causes of action, complaints, liabilities, obligations, suits, damages, costs, expenses, rights, debts, dues, sums of money, accounts, reckonings, claims and/or demands of any nature whatsoever, in law and/or in equity, that STONE and each of its administrators, predecessors, successors, assigns, affiliates, subsidiaries, and parent corporations ever had, now have or in the future may have, whether now known or hereafter discovered, direct or indirect, suspected or claimed, against NES, to the extent that the foregoing arise out of, are based upon, or relate to, or are in connection with any of the acts, facts, circumstances, claims, transactions, events, occurrences, disclosures, statements, representations, omissions, or failures to act, or matters of any kind or nature whatsoever, related directly or indirectly to the subject matters of the allegations or claims for relief which were or could have been alleged or litigated in the Action.

4. **NES's Release of STONE:** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, NES does hereby irrevocably and unconditionally release, acquit, and forever discharge STONE and its predecessors, successors, assigns, affiliates, subsidiaries, and parent corporations, and their present and former employees, officers, directors, shareholders, consultants, attorneys, representatives, and agents from all actions, causes of action, complaints, liabilities, obligations, suits, damages, costs, expenses, rights, debts, dues, sums of money, accounts, reckonings, claims and/or demands of any nature whatsoever, in law and/or in equity, that NES and each of its administrators, predecessors, successors, assigns, affiliates, subsidiaries, and parent corporations ever had, now have or in the future may have, whether now known or hereafter discovered, direct or indirect, suspected or claimed, against STONE, to the extent that the foregoing arise out of, are based upon, or relate to, or are in connection with any of the acts, facts, circumstances, claims, transactions, events, occurrences, disclosures, statements, representations, omissions, or failures to act, or matters of any kind or nature whatsoever, related directly or indirectly to the subject matters of the allegations or claims for relief which were or could have been alleged or litigated in the Action.

5. **Admissions:** Neither the execution of this Agreement nor the tender of the consideration recited herein is intended or shall be understood as an acknowledgment or responsibility, admission of liability, or other expression reflecting upon the merits of any present dispute or claim, but rather evidences only a mutual intention and desire to resolve such disputed claims or disputed matters by compromise and settlement. NES expressly denies any violation of the rights of STONE. While this Agreement resolves the Claims, the Action, and all issues between the parties hereto, it does not constitute an adjudication or finding on the merits and it is not, and shall not be construed as, an admission by NES of any violation of STONE's rights.

6. **Warranty of Authority:** STONE represents and warrants that no other person or entity has or had any interest in the claims, demands, obligations or causes of action arising or resulting from the Action and that it has the sole right and exclusive authority to execute this Agreement and receive the sum specified herein, and it has not sold, assigned, transferred, conveyed, or otherwise disposed of the claims, demands, obligations, or causes of action arising or resulting from the Action. NES represents and warrants that no other person or entity has or had any interest in the claims, demands, obligations or causes of action arising or resulting from the Action and that it has the sole right and exclusive authority to execute this Agreement and receive the sum specified herein, and it has not sold, assigned, transferred, conveyed, or otherwise disposed of the claims, demands, obligations, or causes of action arising or resulting from the Action.

7. **No Third-Party Beneficiaries:** This Agreement is for the sole and exclusive benefit of the Settling Parties, and none of the provisions of this Agreement shall be deemed to be for the benefit of any other person or entity except as set forth in this Agreement.

8. **Confidentiality:** As further inducement for the payment of the sum aforesaid, STONE and her attorneys agree that the settlement of the occurrence, the terms of

the settlement, the terms of this Agreement, the facts surrounding the occurrence, and any recordings or other documentation of any type that in any manner relates to the occurrence or any of the facts surrounding the occurrence, shall remain strictly confidential, and neither STONE, nor her agents or attorneys will divulge the fact that a settlement agreement was entered into, the terms of said settlement, the terms of this Agreement, the facts surrounding the occurrence, recordings, information or documentation to anyone except (1) under order of a court of competent jurisdiction, (2) any government agency as required by law, or (3) as necessary to be provided to their attorneys, accountants, or tax preparers. STONE and her attorneys also hereby agree to destroy all originals and copies of any audio recordings (including but not limited to any recordings stored in a computer) in their possession that are in any manner related to the occurrence.

9. **Debt and Tax Consequences:** STONE further acknowledges that nothing in this Full and Final Release of All Claims shall act to forgive any debt. No debt is forgiven. STONE further agrees that she will be responsible for payment of any and all taxes, including but not limited to federal, state, and local taxes, as a result of the receipt of the foregoing sum.

10. **Jurisdiction and Venue:** The Agreement shall be interpreted and enforced according to the internal laws of the State of Florida. The Middle District of Florida, Orlando Division, shall have jurisdiction over any question or controversy regarding the formation, construction, interpretation, validity or enforcement of the Agreement.

11. **Entire Agreement:** This Agreement reflects the entire agreement by and between STONE and NES relating to the matters at issue herein. No statement, promise or inducement made by any of the parties hereto, or by their respective agents or representatives, which are not contained in this Agreement, shall be valid or binding.

12. **Modification:** This Agreement shall not be modified by any party by oral representation made before or after the execution of this Agreement. All modifications must be in writing and signed by all parties.

13. **Construction:** The drafting of this Agreement is the product of mutual negotiation and agreement, with consideration by and participation of all parties and their respective counsel. Any presumption, whether statutory, common law or otherwise, that ambiguities and uncertainties in a contract are interpreted against the party causing such ambiguity or uncertainty to exist, shall not apply to this Agreement and are hereby knowingly and voluntarily waived by all parties.

14. **Full Understanding and Voluntary Acceptance:** STONE and NES acknowledge that they are aware of their right to have this Agreement reviewed by an attorney or attorneys of their choice, and that they have had a full and complete opportunity to do so. By executing this Agreement, STONE and NES represent that they have relied upon the advice of their attorneys, who are attorneys of their own choice, and the terms of this Agreement have been completely explained by their attorneys, and that the terms herein are fully understood and voluntarily accepted.

15. **Severability:** If one or more of the provisions of this Agreement is for any reason held to be invalid, illegal, or unenforceable, the invalidity, illegality, or unenforceablity of such provision(s) shall not affect any other provision of this Agreement, and this Agreement shall be construed without the invalid, illegal or unenforceable provision(s).

16. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original of this Agreement, and all of which together shall constitute one and the same Agreement to be effective, provided each and every party has executed and delivered, or caused to be delivered, to each other party at least one counterpart of this Agreement signed by that party.

17. **Facsimile Signatures:** A signed counterpart of this Agreement which a party delivers by facsimile or telefax shall be deemed to have the same effect as if the party had personally delivered a signature original of that counterpart.

18. **Notices/Payments:** Any and all notices/payments or other communications required or permitted under this Agreement shall be in writing and shall be delivered Federal Express or similar carrier for delivery next business morning, addressed as follows, unless a party notifies the other party of a change of address using the procedures set forth in this section:

NES:

    Ernest H. Kohlmyer, III, Esquire
    Molly E. Young, Esquire
    Bell, Roper & Kohlmyer, P.A.
    2707 East Jefferson Street
    Orlando, Florida 32803

PLAINTIFF'S COUNSEL:

    Aaron D. Radbil, Esq.
    Krohn & Moss
    120 W. Madison St., 10th Floor
    Chicago, IL  60602


[Remainder of page intentionally omitted]

**IN WITNESS WHEREOF,** each of the undersigned have executed this Agreement as of the date or dates here and after appearing.

        CAUTION:   <u>**DO NOT SIGN WITHOUT READING AND CONSULTING WITH YOUR COUNSEL**</u>.

**LESLIE STONE**

BY: _____

ITS: _____

DATE: _____

**NATIONAL ENTERPRISE SYSTEMS, INC.**

BY: _____

ITS: _____

DATE: _____