**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LESLIE STONE,

                               **Plaintiff,**

-vs-                                             **Case No. 6:08-cv-1523-Orl-22GJK**

NATIONAL ENTERPRISE SYSTEMS,

                               **Defendant.**
_____

# REPORT AND RECOMMENDATION
# TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration following oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO THE PARTIES' BIFURCATED SETTLEMENT AGREEMENT (Doc. No. 22)** |
| **FILED:** | May 15, 2009 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND

On September 4, 2008, Leslie Stone (the "Plaintiff") filed a complaint ("Complaint") against National Enterprise Systems ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Doc. No. 1. On October 7, 2008, Defendant filed an Answer to the Complaint and asserted affirmative defenses. Doc. No. 4.

On December 17, 2008, the Court entered a Case Management and Scheduling Order. Doc. No. 16. On May 6, 2009, after being advised that the parties had entered into a settlement agreement, the Court entered an Order dismissing the case without prejudice subject to the right of any party to re-open the case within sixty (60) days. Doc. No. 21. According to the settlement agreement, Plaintiff would receive $1,000.00 to satisfy Plaintiff's underlying claims, plus a specific reservation of the issue of Plaintiff's attorney's fees and costs for the Court to determine. Doc. No. 22.

On May 15, 2009, Plaintiff filed a Petition for Attorney's Fees and Costs Pursuant to the Bifurcated Settlement Agreement (the "Motion"). Doc. No. 22. Plaintiff seeks an award of attorney's fees and costs in the amount of $8,754.00, comprised of 29.6 hours of attorney and paralegal time at hourly rates ranging from $125.00 per hour to $394.00 per hour, and costs of $395.00. *Id.* at 8, 13. Attached to the Motion is a breakdown of the attorney and paralegal hourly rates and time expended as follows:

| Name | Hours | Rate | Total |
|---|---|---|---|
| Adam Krohn | 5.0 | $394 | $1,970.00 |
| Scott Cohen | 0.2 | $394 | $     78.80 |
| Ted Greene | 8.5 | $350 | $2,975.00 |
| Harry Bradley | 1.3 | $254 | $   330.20 |
| Aaron Radbil | 1.2 | $225 | $   270.00 |
| Matthew Kiverts | 0.5 | $225 | $   112.50 |
| Nick Bontrager | 6.6 | $225 | $1,485.00 |
| Adam Hill | 3.5 | $225 | $   787.50 |
| Karen Eisenberg | 0.1 | $125 | $     12.50 |
| Cynthia Lloyd | 0.2 | $125 | $     25.00 |
| Gretchen Hafeman | 0.2 | $125 | $     25.00 |
| Julie Kim | 2.3 | $125 | $   287.50 |
|  |  | Total: | $8,359.00 |

Doc. No. 22-4 at 6. Plaintiff also attached a biography of each of the attorneys listed above, along with affidavits of each, to support their respective hourly rates sought. Doc. Nos. 22-5, 22-6. Plaintiff states that Defendant agreed not to dispute the entitlement of attorney's fees and costs but will dispute the reasonableness of the amount sought. *Id.* at 2.

On June 15, 2009, Defendant filed a response in opposition ("Response") to the Motion. Doc. No. 25 (as amended at Doc. No. 27). Defendant maintains that the hourly rates sought by Plaintiff's counsel are unreasonably high and the use of eight attorneys is excessive. *Id.* at 8-12. Defendant also argues that the number of hours expended is unreasonable when considering the minimal amount of litigation that occurred. *Id.* at 3-7.

## II.     LAW

"The Fair Debt Collection Practices Act authorizes the award of the costs of the action and a 'reasonable attorney's fee as determined by the court,' 15 U.S.C. § 1692k(a)(3), in addition to damages to any successful plaintiff." *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993). The Eleventh Circuit applies the lodestar approach of *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988) in determining a reasonable attorneys' fee. *See Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991); *see also Burlington v. Dague*, 505 U.S. 557, 562 (1992). *Norman* adopted the lodestar approach for calculating attorneys' fees, which presumptively incorporates the twelve factors adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Norman*, 836 F.2d at 1298-99. Simply stated, the lodestar is the product of the number of reasonable hours expended and the reasonable hourly rate. *Burlington*, 505 U.S. at 559-60 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

1. <u>Reasonable Hourly Rate</u>

The Court must first determine the reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299. The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The party seeking attorneys' fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires "more than the affidavit of the attorney performing the work." *Loranger*, 10 F.3d at 781 (citing *Norman*, 836 F.2d at 1299). The court may consider direct evidence of rates for similar services or opinion evidence about rates. *Norman*, 836 F.2d at 1299.

The Eleventh Circuit looks to skill as the ultimate determinate of compensation level because experience and reputation are a mirror image of skill. *Norman*, 836 F.2d at 1300. Skill is evidenced by an attorneys' initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency. *Norman*, 836 F.2d at 1300 - 1301. Organization means that counsel plans effective discovery devices and does not use them randomly or for the mere purpose of going through established routines. Efficiency means doing exactly what needs to be done in a minimum time. *Norman*, 836 F.2d at 1301. Legal skill, therefore, correlates to a knowledge of both trial practice and substantive law. *Norman*, 836 F.2d at 1301. Although an attorney who must familiarize himself or herself with either aspect of practice may prove exemplary as an advocate, he or she does not have a right to claim comparable skill to attorneys whose first actions are directed at the finer

points of the case. *Norman*, 836 F.2d at 1301. Proficiency should yield efficiency, and the district court has ample discretion to discount the import of counsel's expertise. *Varner v. Century Finance Company, Inc.*, 738 F.2d 1143, 1149 (11th Cir. 1984). No two attorneys possess the same skill, therefore the Court must look to the range provided by the evidence, and interpolate a reasonable market rate. *Norman*, 836 F.2d at 1300. In summary, the Court determines a reasonable rate by assessing the range of fees established in the marketplace, as modified by reference to an individual attorney's skill. *Norman*, 836 F.2d at 1301; *e.g., Duckworth*, 97 F.3d at 1396.

2. Reasonable Hours Expended

The second step in determining the lodestar is to assess the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1302. Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment" — exclusion of those hours not reasonably billable to a client irrespective of counsel's skill, therefore the Court must deduct for redundant hours. *Norman*, 836 F.2d at 1301-02, citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court must not consider an attorney's skill at this stage as this would constitute a double penalty — the rate would first be decreased and the hours would then be lowered. *Norman*, 836 F.2d at 1301.

The fee applicant bears the burden of documenting the appropriate number of hours. *Norman*, 836 F.2d at 1303, citing *Hensley*, 461 U.S. at 437; *United States v. Blue Cross and Blue Shield of Florida, Inc.*, 882 F. Supp. 166, 170 (M.D. Fla. 1995). Generalized statements concerning reasonableness are of little or no assistance to the Court, instead proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity.

5

*Duckworth*, 97 F.3d at 1397 - 98; *Norman*, 836 F.2d at 1301. Throughout the calculation of the lodestar, the Court remains cognizant that it is itself an expert on the question, and may consider the request in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation. *Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1303.

### III. APPLICATION

This case has been pending since September 4, 2008, just a little over one (1) year. The docket contains very few filings as of the notification by the Defendant that the parties had reached a settlement:

- Plaintiff filed a Complaint (Doc. No. 1), which is a standard FDCPA complaint consisting of five (5) pages;

- Defendant filed an answer (Doc. No. 4);

- Both parties filed a Notice of Pendency of Related Cases and a Certificate of Interested Persons and Corporate Disclosure Statement, which are standard filings per Court order (Doc. Nos. 5-6, 8-9);

- Plaintiff filed two motions to appear telephonically for the case management scheduling conference (Doc. Nos. 10, 12) (the first was denied for failure to comply with Local Rule 3.01(g); and the parties jointly filed their Case Management Report (Doc. No. 15);

- On January 30, 2009, Plaintiff notified the Court that mediation was scheduled (Doc. No. 19); and

- On February 6, 2009, the Defendant notified the Court of the settlement (Doc. No. 20).

a. Reasonable Hourly Rate

Defendant maintains that in the Middle District of Florida, rates of $225 to $394 are unreasonable for an FDCPA case. Doc. No. 27 at 8. Plaintiff seeks to recover attorneys' fees for Aaron Radbil, Nick Bontrager, Adam Hill, and Matthew Kiverts at a rate of $225.00 per hour for 11.8 hours; Harry Bradley at a rate of $254.00 per hour for 1.3 hours; Theodore Greene at a rate of $350.00 per hour for 8.5 hours; Scott Cohen at a rate of $394.00 per hour for 0.2 hours; and Adam Krohn at a rate of $394.00 per hour for 5.0 hours. Doc. No. 22 at 8.

Aaron Radbil received his Juris Doctorate and began practicing with Krohn & Moss in 2006. Doc. No. 22-5 at 9. He has been practicing almost three (3) years. *Id.* The Motion does not state how long Nick Bontrager has been practicing law, but it appears he is only licensed in California. *Id.* at 12. Adam Hill has been practicing law since November of 2007, almost two (2) years. *Id.* at 13. Matthew Kiverts received his Juris Doctorate in May 2004 and has presumably been practicing law for five (5) years. *Id.* at 14. Harry Bradley has been practicing since 2003, approximately six (6) years. *Id.* at 12-3. Theodore Greene practiced law with Krohn & Moss beginning November 2002, after being admitted to the bar in 2001. *Id.* at 10.[1] Scott Cohen has been practicing law thirteen (13) years, since 1996. *Id.* at 4. Adam Krohn has been practicing law since 1994, a total of fifteen (15) years. Doc. No. 22-5.

Included in Plaintiff's Motion is the Laffey Matrix (the "Matrix") of hourly rates from 2004 through 2009. Doc. No. 22 at 12. Pursuant to the Matrix, each attorney is charging a reasonable hourly rate, with exception to attorney Greene. It appears Greene has been practicing around seven to eight (7-8) years. According to the Matrix, he should be charging an hourly rate between $270.00 and $330.00. Based on Greene's experience and the Matrix, the Court

---

[1] Martindale-Hubbell indicates Mr. Greene was admitted to the bar in 2001. *See* www.martindale.com.

recommends that his hourly rate be reduced to $300.00. He performed 8.5 hours of work in this case. Greene seeks compensation of $2,975.00. However, that amount should be reduced to $2,550.00 (8.5 x 300). Thus, it is recommended that the Court reduce Greene's hourly rate to $300.00 and, otherwise, find that the hourly rates sought by the remaining attorneys are reasonable. In accord with this recommendation, the attorneys' fees and costs requested should be reduced by $425.00 ($2975 - $2550) to $8,329.00 ($8,754 - $425).

With respect to the paralegals, the Plaintiff seeks $125.00 as an hourly rate for each paralegal. Doc. No. 22-4 at 6. This Court has previously determined that a reasonable hourly rate for paralegals is $95.00 per hour. *See Celaya v. Stickle*, Case No. 6:08-cv-1930-Orl-18GJK, Doc. No. 12 (M.D. Fla. April 28, 2009). Thus, it is recommended that the Court find $95.00 is a reasonable hourly rate for the paralegals and the fees be reduced accordingly. The paralegals performed 2.8 hours of work collectively. Thus, it is recommended that their fees be reduced from $350.00 to $266.00.

   b. Reasonable Hours Expended

The Defendant maintains that Plaintiff's hours are unreasonable. Doc. No. 27 at 3-7. Specifically, the Defendant argues the following:

1. The 4.8 hours performed prior to filing the Complaint was excessive given the "lack of complexity" of the case and the knowledge and experience of counsel;

2. The 2.3 hours performed drafting the Complaint was excessive because the Complaint was a standard FDCPA complaint template often used by counsel;

3. Incurring 1.2 hours of work to prepare and review initial disclosures was excessive;

4. 0.9 hours performed by attorneys Bontrager and Greene with respect to the Case Management Report was excessive and unreasonable due to their duplicative work;

5. Attorneys Greene, Cohen and Hill charged a total of 2.5 hours for review of the Compliance Order, correspondence between themselves or other attorneys, drafting a response to the Compliance Order and the Notice of Mediation, which is excessive and unreasonable;

6. Attorneys Hill and Krohn collectively charged 1.5 hours in reviewing the time entries and preparing a chart for their fee petition (Hill 1.0 hours and Krohn 0.5 hours), which is duplicative and should by reduced by 0.5 hours; and

7. The 1.3 hours performed in preparing the Motion is excessive because the firm, Krohn & Moss, uses a boilerplate fee petition.

Doc. No. 27 at 3-7. To the extent hours performed are duplicative, they are not reasonable. *Norman*, 836 F.2d at 1301-02; *Hensley*, 461 U.S. at 434. After a review of the detailed time sheets attached to the Motion, the Court does not find any work performed was duplicative. Accordingly, it is recommended that the Court find the hours expended on the case are reasonable.

   c. Costs

Plaintiff seeks costs in the amount of $395.00 for filing and serving the Complaint. It is recommended that the Court find costs in the amount of $395.00 are reasonable.

## IV. CONCLUSION

For the above stated reasons, it is **RECOMMENDED** that the Motion (Doc. No. 22) be **GRANTED in part** and **DENIED in part**. It is recommended that the Plaintiff receive attorneys' fees and costs in the total amount of $7,850.00.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 24, 2009.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] $1,970.00 (Krohn) + $78.80 (Cohen) + $2,550.00 (Greene) + $330.20 (Bradley) + $270.00 (Radbil) + $112.50 (Kiverts) + $1,485.00 (Bontrager) + $787.50 (Hill) + $266.00 (paralegals) = $7,850.00.